

FILED & ENTERED

JUN 11 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**WILLIAM JOSEPH URSO and BARBARA MARGARET URSO,**<br><br>Debtor. | Case No. 2:12-BK-13391-RK<br><br>Chapter 7<br><br>Adv No.: 2:12-ap-01683-RK |
| **TODD ANTKIEWICZ,**<br>        Plaintiff,<br>vs.<br>**WILLIAM JOSEPH URSO and BARBARA MARGARET URSO,**<br>        Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. BANKR. P. 7055 AND 9024; FED. R. CIV. P. 55(c) AND 60(b)** |

    Defendants' Motion to Set Aside Entry of Default (the "Motion") came on for hearing before the undersigned United States Bankruptcy Judge on April 23, 2013 at 2:30 p.m.  The Motion was brought in opposition to Plaintiff's Motion for Default Judgment, filed on March 11, 2013.  The court entered default against the Defendants on March 11, 2013, after the Defendants did not file a responsive pleading to Plaintiff's First Amended Complaint, filed on January 10, 2013.

Federal Rule of Civil Procedure 55(c), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055, allows a court to set aside entry of default for "good cause," and allows the court to set aside default pursuant to Federal Rule of Civil Procedure 60(b).  Under Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, the court may grant relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect.  See Fed. R. Civ. P. 60(b)(1).  Such a motion must be brought within a reasonable time of the court's entry of default.  See 1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:150 at 6-40 (2011).

The court finds that the Motion was filed within a reasonable time.  The court entered default on March 11, 2013, and the Motion was brought within one month from that time.  Additionally, the court finds that Defendants have established good cause for setting aside default because the failure by Defendants' counsel was excusable neglect under Rule 60(b)(1).  See *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 394 (1993) (finding that the court, in consideration of whether a party's neglect was "excusable," should consider the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith).

The court observes that the record reflects that Plaintiff only served his first amended complaint on January 16, 2013 and that counsel for Defendants has been seriously ill since January 2013, causing him to miss the responsive pleading deadline in this case, and had advised counsel for Plaintiff of his illness before Plaintiff had filed his request for entry of default.  See Declaration of Albert Lon Chaney III, filed in support of Motion at pages 1-2.  Additionally, the debtors (Defendants) would be seriously prejudiced in this case by not being permitted to defend this suit on the merits—a suit that requests this court deny their discharge pursuant to 11 U.S.C. § 727.  Indeed, a case should, whenever possible, be determined on the merits.  See *TCI Group Life Insurance*

*Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  Finally, contrary to Plaintiff's arguments in opposition to the Motion, based on this record, the court finds that there has not been deliberate, willful, or bad faith on the part of Defendants, nor was there any serious delay in this case from setting aside default.  Indeed, attached to the Motion is Defendants' proposed answer, which responds to the first amended complaint by specifically making admissions and denials to the allegations of the first amended complaint and stating numerous affirmative defenses.  *See* Exhibit A to Motion.  Accordingly,

    IT IS HEREBY ORDERED that the Motion to Set Aside Entry of Default is granted.

    IT IS FURTHER ORDERED that the default of Defendants entered by the Clerk is hereby set aside and that the proposed Answer to the First Amended Complaint, attached as Exhibit A to the Motion, is deemed filed and served as of the date of entry of this order.

    IT IS SO ORDERED.

###

Date: June 11, 2013

Robert Kwan  
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. BANKR. P. 7055 AND 9024; FED. R. CIV. P. 55(c) AND 60(b)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 10, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Wesley H Avery    wamiracle6@yahoo.com
Kirk Brennan    calilawofficeecf@gmail.com
Albert L Chaney    albertchaney@cox.net, chaneys4@yahoo.com
John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

William Joseph Urso
Barbara Margaret Urso
640 Bynner Dr
San Pedro, CA 90732

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page